UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:20-CR-003-03 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| BRASSFIELD COFFEY, JR., ) | **ORDER DENYING MOTION FOR** |
| ) | **APPOINTMENT OF COUNSEL** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Brassfield Coffey's *pro se* Motion for appointment of counsel in which he requests appointment of counsel to assist him in filing a motion for compassionate release. [R. 163]. The United States failed to respond to the Motion. The matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

### I. Background

On October 9, 2020, Defendant pleaded guilty to conspiracy to distribute 50 grams of more of a mixture containing methamphetamine. [R. 142; R. 153] His Guideline Range was 92-115 months. [Presentence Report (PSR), p. 23]. This Court sentenced Mr. Coffey to 95 months imprisonment, followed by 4.5 years supervised release. [R. 156]. He is currently serving his sentence at the Federal Correctional Institute at Ashland (FCI Ashland). [R. 163]. His projected release date is October 11, 2026. [*Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 3, 2021).] On September 20, 2021, Defendant filed a hand-written document requesting appointment of counsel for the purpose of filing a motion under "3582c-1-a-i" citing his health issues and conditions of confinement at FCI

Ashland. [R. 163]. Such motions for a sentence reduction are pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." As discussed below, the Court will deny Mr. Coffey's Motion for appointment of counsel at this time as futile because any motion filed for compassionate release at this time (whether *pro* se or by competent counsel) would be unsuccessful under the standard for compassionate release.

## II.     Legal Standard

The compassionate-release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court **may not** modify a term of imprisonment once it has been imposed **except that**—
>
> (1) In any case—
>
>> (A)  **the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that**—
>>
>>> (i) *extraordinary and compelling reasons warrant such a reduction . . .*
>>>
>>>> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115–391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under section 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider

a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed

by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.     Discussion

#### A.     Appointment of Counsel

Defendant asked the Court to appoint counsel because he cannot read or write and has difficulty understanding anything without help. [R. 163]. Although the Court is deeply sympathetic to Mr. Coffey's situation, appointment of counsel is not warranted at this time for multiple reasons. There is no constitutional or statutory requirement to appoint counsel where, as here, a defendant moves for post-conviction relief. *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052, at *3 (6th Cir. Dec. 30, 2016); *see also United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases); *Lambert v. Perry*, No. 116CV02783STAEGB, 2017 WL 4295232, at *3 (W.D. Tenn. Sept. 27, 2017) (denying petitioner's second motion for appointment of counsel in light of claims that petitioner is "functionally illiterate"); *United States*

*v. Cardon-Cortez*, No. 3:07CR135/RV, 2011 WL 13311990 (N.D. Fla. Oct. 13, 2011) (denying an illiterate and limited English speaking defendant's motion to appoint counsel). The Court may appoint counsel if doing so is in the interest of fairness. *See United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020). But where an underlying motion of compassionate release will fail, appointing counsel would be futile. *Ryerson*, 2020 WL 3259530, at *2 (citing *United States v. Johnson*, Nos. 15-6413/16-5346 2016 WL 10704239 (6th Cir. Nov. 21, 2016) (declining to decide whether defendant was entitled to counsel in proceedings under § 3582(c)(2) because "independent review of the record reveal[ed] no issues of arguable merit" but noting that "[h]istorically, there has been no such right")). Because, as explained below, there are no arguable issues of merit at this time, the Court will decline the request for counsel.

      **B.**    **Compassionate Release**

For these purposes, the Court will assume Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833−35. Likewise, the Court will assume Defendant has met the first step of the compassionate-release test—that is, even if the Court found "extraordinary and compelling" circumstances based on his underlying health conditions including COPD, hepatitis B and C, and diabetes, as well as his conditions of confinement—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

The Court has thoroughly reviewed the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford

deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* at 1115. This Court has thoroughly reviewed the sentencing proceedings in this case, along with the concerns raised in Mr. Coffey's Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense and the history and characteristics of the defendant" weigh against release. § 3553(a)(1). As to the "nature and circumstances," Defendant's offense was extremely dangerous. Mr. Coffey conspired with others to distribute over 200 grams of a mixture of methamphetamine. [R. 153]. As to the "history and characteristics," Defendant's lengthy criminal history, spanning three decades, places him in Category VI, the highest level, with 18 points. [PSR, pp. 7–18] His lengthy criminal history contains convictions for trafficking controlled substances, possession of controlled substances, and numerous DUI convictions. *Id.* Further, Defendant's concerns related to his conditions of confinement, that "the Delta variant is here at Ashland [FCI]," appear misplaced. Turning to Ashland FCI's current response to the COVID-19 pandemic, it is clear the facility has made great strides of late containing the virus. Currently there are no active cases at Ashland FCI. *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 3, 2021).

Turning to the other factors, release at this point would not "reflect the seriousness of the

offense, []promote respect for the law, and []provide just punishment for the offense." § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment, especially given that Defendant has served far less than half of his 95-month sentence (his current release date being October 11, 2026). The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a 95-month sentence also weigh against a sentence reduction at this time. Further, the Court carefully considered the mitigating factors in Mr. Coffey's background, including his strong family support, his age and physical health, and his lack of education. But this Court's job is to assess *all* the relevant statutory factors. Release at this point would fail to deter criminal conduct generally, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. That is, consideration of *all* the § 3553(a) sentencing factors precludes early release. Accordingly, because Mr. Coffey cannot satisfy the statutory factors for early release, his Motion to appoint counsel will be denied at this time. Should Mr. Coffey require assistance of counsel in the future, he may file a renewed motion for appointment of counsel.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Brassfield Coffey's Motion for appointment of counsel [**R. 163**] is **DENIED**.

This the 5th day of November, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY