UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:20-CR-003-CHB-HAI-3 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| BRASSFIELD COFFEY, JR., ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on Defendant Brassfield Coffey's *pro se* Motion for Compassionate Release. [R. 197]. The United States responded in opposition [R. 198], and filed extensive medical records under seal related to Defendant's medical conditions [R. 200]. The matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

## I. Background

On October 9, 2020, Defendant pleaded guilty to conspiracy to distribute methamphetamine. [R. 142; R. 153]. His Guideline Range was 92-115 months. [Statement of Reasons, p.1]. This Court sentenced Defendant to 95 months of imprisonment, toward the bottom of his Guideline range, followed by 4.5 years of supervised release. [R. 156]. He is currently serving his sentence at FCI Ashland. [R. 197]. His projected release date is October 11, 2026. *See Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 27, 2023). On September 20, 2021, Defendant filed a motion for the appointment of counsel to help him seek compassionate release, citing health issues and conditions at FCI Ashland. [R. 163]. The Court denied his motion, finding that even had he exhausted his administrative remedies and

demonstrated extraordinary and compelling reasons, the statutory factors did not support release. [R. 166]. On July 28, 2022, Defendant filed his present *pro se* Motion for Compassionate Release [R. 197], arguing his chronic medical conditions warrant release. Such motions for a sentence reduction are pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." As discussed below, the Court will deny Mr. Coffey's Motion.

## II. Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>> (1) In any case—
>>> (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—***
>>>> (i) *extraordinary and compelling reasons warrant such a reduction . . .*
>>>>> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115–391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under § 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider a defendant's

motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107-08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109-11; *see also United States v.*

*Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.     Discussion

#### A.     Extraordinary and Compelling Reasons

As an initial matter, the Court will address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833-35. As outlined in the government's Response, Defendant has made several requests for release to the BOP and received several rejections. [R. 198, pp. 1-4; R. 198-1 to R. 198-10]. The government agrees Coffey has exhausted his administrative remedies. [R. 198]. The Motion is properly before the Court as he has satisfied his exhaustion requirements. *Alam*, 960 F.3d at 833-35.

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107-08. The statute does not define "extraordinary and

compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post-First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In his Motion, Defendant argues for compassionate release due to his chronic medical conditions including "Chronic Viral Hepatitis C, Type 2 Diabetes Mellitus, Chronic Obstructive Pulmonary Disease [COPD], and Asthma." [R. 197, p. 5]. He advises that these conditions "continue to inhibit [his] daily life" and "[s]imple daily functions become a chore due to the problems with [his] breathing." *Id.* He explains he recently suffered a fall and had to be taken to the hospital for treatment. [R. 197-1]. He attaches some health records (stating he has had trouble obtaining all his medical records), along with a list of classes he has completed as part of his rehabilitation. *Id.*

The United States opposes the Motion. [R. 198]. The government first outlines the lengthy administrative record concerning Defendant's multiple requests for release to the BOP due to his medical issues and the BOP's multiple denials. *Id.* at 1-4. The government attaches the various requests, denials, and appeals [R. 198-1 to R. 198-10], along with hundreds of pages of medical records. [R. 200]. The record demonstrates Defendant has numerous, significant medical issues. *Id.* In its most recent denial, however, the BOP found, "you are designated a medical Care Level II. Your condition is stable. Your medical conditions do not meet the criteria for compassionate release for a Debilitated Medical Condition." [R. 198-8]. The United States first argues that the factors under 18 U.S.C. § 3553(a) militate against release for the same reasons stated in the Court's

previous denial. [R. 198, pp. 7-12]. In particular, the government focuses on Defendant's lengthy and concerning criminal history as presenting a poor recommendation for release. *Id.* After recounting that history, along with multiple violations of parole, the government argues it "operates as a heavy counterweight against his release." *Id.* at 10. According to the government, release would not promote respect for the law, deter future conduct, and protect the public where Defendant has served less than 40% of his sentence and has performed so poorly on release in the past. *Id.* The government further argues that release would fail to account for the seriousness of the offense or provide for just punishment. The Court agrees with the United States that, even if Defendant's medical issues qualified as extraordinary and compelling reasons for relief, the § 3553(a) factors preclude release. That is, even if Defendant met the first step of the compassionate-release test—meaning, if the Court found "extraordinary and compelling" circumstances based on his health issues and conditions of confinement—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

### B. Balancing Under § 3553(a)

The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7); *see also Jones*, 980 F.3d at 1112-16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather,

the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense" weigh against release. 18 U.S.C. § 3553(a)(1). Defendant conspired to distribute methamphetamine and traveled to the residence of a co-defendant to purchase an ounce of methamphetamine, which he had done on numerous occasions. [PSR, Paragraphs 10-14].

Defendant's "history and characteristics" also militate against release, in particular his troubling criminal history. Notwithstanding numerous crimes that failed to score due to age, Defendant had 18 criminal history points at the time of sentencing, several more than the threshold to place him in Criminal History Category VI, the highest category. [PSR, Paragraphs 36-64]. As outlined in the PSR and detailed in the government's Response [R. 198, pp. 7-12], the Defendant has a concerning criminal history including multiple offenses for possession of a firearm by a convicted felon, multiple DUIs, first degree drug trafficking, and multiple offenses for possession of a controlled substance. Further, Defendant has served less than 50% of his sentence. Release at this point would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." 18 U.S.C. § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment. The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a sentence of 95 months weigh against early release. For the foregoing reasons, and upon consideration of *all* the § 3553(a)

sentencing factors, early release is not warranted.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Brassfield Coffey's Motion for Compassionate Release [**R. 197**] is **DENIED**.

This the 27th day of March, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY