UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:20-CR-003-CHB-HAI-3 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| BRASSFIELD COFFEY, JR., ) | **ORDER DENYING MOTION FOR** |
| ) | **COMPASSIONATE RELEASE** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Brassfield Coffey's *pro se* Motion for Compassionate Release. [R. 228; R. 246; R. 247] The United States responded in opposition, [R. 234], and filed extensive medical records under seal related to Defendant's medical conditions, [R. 236]. The matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

**I.   Background**

On October 9, 2020, Defendant pleaded guilty to conspiracy to distribute methamphetamine. [R. 142; R. 153]. His Guideline Range was 92–115 months. [Statement of Reasons, p.1]. This Court sentenced Defendant to 95 months of imprisonment, toward the bottom of his Guideline range, followed by 4.5 years of supervised release. [R. 156]. He is currently serving his sentence at the Springfield Medical Center for Federal Prisoners. [R. 234, p. 6 n.1]. His projected release date is October 11, 2026. *See Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited February 18, 2025). On September 20, 2021, Defendant filed a motion for the appointment of counsel to help him seek compassionate release, citing health issues and conditions at his former BOP facility. [R. 163]. The Court denied his

motion, finding that even had he exhausted his administrative remedies and demonstrated extraordinary and compelling reasons, the statutory factors did not support release. [R. 166]. On July 28, 2022, Defendant filed a second *pro se* Motion for Compassionate Release [R. 197], arguing his chronic medical conditions warrant release. Upon a full record, the Court likewise denied that Motion for the same reasons cited in its previous order. [R. 209]. On May 8, 2024, Defendant filed the current Motion for Sentence reduction, his third, citing many of the same medical issues related to COPD, heart problems, diabetes, arthritis, untreated cataracts, and his age and referencing a "combination of circumstances" as warranting release (presumably under U.S.S.G. § 1B1.13(b)(5). [R. 228]. Such motions for a sentence reduction are pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." As discussed below, the Court will deny Mr. Coffey's Motion.

## II.     Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>
> (1) In any case—
>
> > (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that***—

> *(i) extraordinary and compelling reasons warrant such a reduction . . .*
>
> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115–391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under § 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones*, 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08; *see also United States v. McCall*, 56 F. 4th 1048, 1054 (6th Cir. 2022). At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Jones*, 980 F.3d at 1107–08; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one

and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, the Sixth Circuit previously held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases where the defendant filed a motion for compassionate release, federal courts were permitted to "skip step two of the § 3582(c)(1)(A) inquiry and [had] full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. However, the United States Sentencing Commission recently amended the policy statement at U.S.S.G. § 1B1.13 to, among other things, clarify that the amended policy statement applies to defendant-filed motions. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023). The amended policy statement became effective on November 1, 2023. *Id.* As mentioned, that amendment extends the revised policy statement's applicability to include defendant-filed motions, like the one now before the Court. *See id.*; U.S.S.G. § 1B1.13 (effective Nov. 1, 2023); *see generally United States v. Washington*, 122 F.4th 254 (6th Cir. 2024); *see also United States v. Clark*, 5:21-cr-84-1, 2023 WL 8374528, at *2 (N.D. Ohio Dec. 4, 2023) (explaining that the policy statement now applies to 18 U.S.C. § 3582(c)(1)(A) motions brought by inmates); *Randall v. United States*, No. 4:03 cr-00922-TLW,

2023 WL 8242547, at *1 (D.S.C. Nov. 28, 2023) (same). Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.     Discussion

#### A.     Extraordinary and Compelling Reasons

As an initial matter, the Court will address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833–35. The government's Response acknowledges that Defendant has exhausted his administrative remedies. [R. 234]. The Motion is properly before the Court as he has satisfied his exhaustion requirements. *Alam*, 960 F.3d at 833–35.[1]

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling." However, as mentioned above, the amended policy statement in U.S.S.G. § 1B1.13 is now applicable to defendant-filed motions. *See* U.S.S.G. § 1B1.13 (effective Nov. 1, 2023). As

---

[1] To the extent Defendant seeks appointment of counsel, *see* [R. 228, p. 2], the Court previously denied this same request, [R. 166, pp. 4–5], and will do so against for the same reasons.

potentially relevant here, that policy statement provides that extraordinary and compelling reasons exist if

> [t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

*Id.* § 1B1.13(b)(1)(A). The policy statement also provides that extraordinary and compelling reasons exist if the defendant is "suffering from a serious physical or medical condition . . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13(b)(1)(B)(i); *see also* § 1B1.13(b)(5) (involving circumstances where the "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)").

In his Motion, Defendant argues for a sentence reduction due to a "combination of circumstances," including his Chronic Obstructive Pulmonary Disease (COPD) he believes is "end stage" (arguing he has 27% lung capacity), the fact he is turning 60 this year, heart problems, diabetes, deteriorating health, arthritis, hypertension, cataracts, prostate issues and hospitalizations. [R. 228; R. 246; R. 247].

The United States opposes the Motion. [R. 234]. The government first outlines the Defendant's multiple attempts at a sentence reduction. *Id.* at 1–2. After outlining the standard and defendant's exhaustion of his administrative remedies, the government references and attaches a multitude of Defendant's medical records [R. 236], acknowledging he suffers from various medical conditions. *Id.* at 2–10. The government argues that nothing in the medical records

suggest Defendant is facing an end-of-life trajectory or is unable to perform self-care. *Id.* at 6. They note he was recently transferred to the Springfield Medical Center for Federal Prisoners (presumably to receive more acute, comprehensive care) and that he is receiving care for opioid dependency, a bed wedge to assist with breathing, wheelchair/roller walker, portable oxygen, inhalers, and other medications. *Id.* at 6–7. As for his heart issues, they note that after recently being evaluated by a vascular surgeon, the medical staff determined no intervention is needed and would likely "cancel vascular encounter and repeat CTA Abdomen in 12 months." *Id.* at 7. The government cites its previous brief in concluding that the medical records, as they argued before, support that defendant is receiving adequate medical care, that there is a plan to improve defendant's conditions, and that such conditions do not appear to present "extraordinary and compelling" reasons for release. *Id.* Finally, the government argues the factors under 18 U.S.C. § 3553(a) continue to weigh against release. *Id.* at 8–9. The United States incorporated its previous arguments, [R. 198], for why the statutory factors militate against release, which included: Defendant's lengthy and concerning criminal history as presenting a poor recommendation for release; multiple violations of parole; the argument that release would not promote respect for the law, deter future conduct, and protect the public where Defendant has served only a portion of his sentence and has performed so poorly on release in the past; that release would fail to account for the seriousness of the offense or provide for just punishment. [R. 234; R. 198].

      The Court agrees with the United States that, even if Defendant's medical issues qualified as extraordinary and compelling reasons for relief or he qualified under the "combination of circumstances" subsection or other provision of the governing policy statement, the § 3553(a) factors preclude release. That is, even if Defendant met the first step of the compassionate-release test—meaning, if the Court found "extraordinary and compelling" circumstances exist and that a

reduction is consistent with applicable Sentencing Commission policy statements—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

### B. Balancing Under § 3553(a)

The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense" weigh against release. 18 U.S.C. § 3553(a)(1). Defendant conspired to distribute methamphetamine and traveled to the residence of a co-defendant to purchase an ounce of methamphetamine, which he had done on numerous occasions. [PSR, ¶¶ 10–14].

Defendant's "history and characteristics" also militate against release, in particular his

troubling criminal history. Notwithstanding numerous crimes that failed to score due to age, Defendant had 18 criminal history points at the time of sentencing, several more than the threshold to place him in Criminal History Category VI, the highest category. *Id.* ¶¶ 36–64. As outlined in the PSR and detailed in the government's Response [R. 198, pp. 7–12], the Defendant has a concerning criminal history including multiple offenses for possession of a firearm by a convicted felon, multiple DUIs, first degree drug trafficking, and multiple offenses for possession of a controlled substance. Further, release at this point would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." 18 U.S.C. § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment. The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a sentence of 95 months weigh against early release.

The Court is deeply sympathetic to Defendant's substantial medical conditions. But on the current record, and for the foregoing reasons, and upon consideration of *all* the § 3553(a) sentencing factors, early release is not warranted.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Brassfield Coffey's Motion for Compassionate Release, [**R. 228**], is **DENIED**.

This the 18th day of February 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY